**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID RUETZ,**

                **Plaintiff,**

-vs-                                                Case No. 6:09-cv-498-Orl-31KRS

**UNITED STATES OF AMERICA and**
**DOES 1 THROUGH 5,**

                **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 28) filed by the United States of America (the "Government") and the response (Doc. 34) filed by the Plaintiff, David Ruetz ("Ruetz").

In his Amended Complaint (Doc. 27), Ruetz asserts that on February 11, 2009, he was improperly evicted from his house, and his personal property was improperly detained, by agents of the government. He seeks the restoration of his real and personal property, plus injunctive relief to prevent the government from taking his property again and a declaration that his property rights are governed by Florida law. (Doc. 27 at 7).

Ruetz's eviction from his house originated in a separate case in which he was sued before the undersigned for failing to pay income taxes for the years 1999 to 2003. A default judgment and an order of foreclosure and sale were entered in that case on September 9, 2008. The United States Court of Appeals for the Eleventh Circuit recently affirmed the decision. *U.S. v. Ruetz*,

2009 WL 1833607 (11th Cir. June 26, 2009). The property at issue is scheduled to be auctioned off on August 26, 2009.

The Government argues that the instant suit is barred by the doctrine of sovereign immunity and by the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), which by its terms prohibits suits brought "for the purpose of restraining the assessment or collection of any tax." *See Segal v. C.I.R.*, 177 Fed.Appx. 29 (11th Cir. April 13, 2006). In his response, Ruetz fails to articulate any basis for finding that the federal government has waived its immunity from suit for actions such as this one. Ruetz does argue that, as to the AIA, the exception to that act's prohibitions articulated in *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962), applies in this case. However, for the *Williams Packing* exception to apply, the taxpayer must demonstrate, among other things, that "under the most liberal view of the law and the facts, the United States cannot establish its claim." *Id.* at 7. Considering that this Court has already ruled in favor of the United States in the assessment/collection action, and that the Eleventh Circuit has already affirmed that decision on appeal, Ruetz's contention that there is no possible way for the United States to establish its claim is, to put it mildly, unconvincing. Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED** pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 17, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE